UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID C. JEFFERSON, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 23-1380-JES |
| IAN CASO, | ) |
|       Defendant. | ) |

## ORDER AND OPINION

Plaintiff, a non-prisoner, has filed a *pro se* Complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff subsequently filed a motion to proceed in forma pauperis ("IFP"). Doc. 2 (the "Motion"). For the reasons set forth below, the Motion (Doc. 2) is DENIED.

### BACKGROUND

The IFP statute, 28 U.S.C. §1915(a)(1), is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). In cases asserted under 28 U.S.C. § 1915, district courts must "screen the case before granting the privilege to proceed without prepayment of fees." *United States v. Durham*, 922 F.3d 845, 846 (7th Cir. 2019) (citing 28 U.S.C. § 1915(e)(2)). The Court is to review the sufficiency of the complaint and deny IFP status if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. §1915(e)(2).

The Court has reviewed the IFP petition where Plaintiff attests that he receives $882 in monthly income as part of his retirement benefits. Doc. 2 at 2. Plaintiff has $30 saved in his checking account and that the IRS owes him $3100. *Id.* at 2-3. For total monthly expenses, Plaintiff states that he only has $75 dollars in transportation costs. *Id.* at 4-5. The Court finds it difficult to

imagine this to be Plaintiff's only expense, and so will find Plaintiff indigent established indigency for purposes of IFP status, given his limited monthly income. The Court will now consider the sufficiency of the complaint.

When evaluating whether a *pro se* plaintiff has stated a claim under § 1915(e)(2)(B), courts use the same standards that apply to Federal Rule of Civil Procedure 12(b)(6) motions. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Therefore, the court will take as true "all well-pleaded allegations of the complaint" and view them "in the light most favorable to the plaintiff." *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). The complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Plaintiff alleges that 100 million dollars was transferred from USAA Federal Savings Bank, in his name, to Lee Enterprises of Davenport, Iowa to buy the St. Louis Post-Dispatch (*i.e.*, a major regional newspaper). Doc. 1 at 6. However, despite the alleged transfer, he claims that Defendant Caso refuses to give up his title of publisher and president of the paper, and so Plaintiff was injured by virtue of not being recognized as the publisher. *Id.* at 5, 6. Plaintiff seeks 1$ in compensatory damages for emotional harm and loss of enjoyment of life, as well as punitive damages. *Id.* at 7.

### DISCUSSION

To successfully plead a § 1983 claim a plaintiff "must allege that the person who has deprived her of the right acted under color of state law." *Brandenberger v. Norfolk S. R. Co.*, JTM-

10-117, 2010 WL 2346339, at *1 (N.D. Ind. June 7, 2010) (internal citation omitted). Acting "under color of state law" is defined as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape,* 365 U.S. 167, 184 (1961). If the alleged infringement is not "fairly attributable to the State" there is no action under §1983. *Rendell–Baker v. Kohn,* 457 U.S. 830, 838 (1982). "This requirement is an important statutory element because it sets the line of demarcation between those matters that are properly federal and those matters that must be left to the remedies of state tort law." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009). Although § 1983 is usually asserted only against government officers due to its "under color of state law" requirement, it may be asserted against private individuals who exercise government power. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). A private party will be held to exercise government power if the actions of that party are effectively directed or controlled by the state, or if the state delegates a public function to the party. As a result, a private party's conduct can be considered state action only if there is a sufficiently close nexus between the state and the private conduct so that the action "may be fairly treated as that of the State itself." *Wade v. Byles*, 83 F.3d 902, 904-05 (7th Cir. 1996) (internal citations omitted).

Plaintiff may not proceed against Defendant because he is not employed by the government. "When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). To determine whether an employee of a private entity is acting under the color of state law, the court must find a "'close nexus between the State and the challenged action' that the challenged action 'may be fairly treated as that of the State itself.'" *Id*. at 823 (quoting *Jackson v. Metro Edison*

3

*Co.*, 419 U.S. 345, 352 (1974)). Plaintiff does not allege that Defendant was acting under the color of state law, nor does he allege facts that would lead the Court to find that there was a close nexus between the State and Defendant's actions.

Accordingly, the Motion (Doc. 2) is DENIED as the Complaint fails to state a claim.[1] For those same reasons, there is no point in allowing this case to proceed if Plaintiff pays the fee, and so the Complaint is DISMISSED with prejudice. *See, e.g., Bell v. City of Country Club Hills*, 841 F.3d 713, 717 (7th Cir. 2016) (to proceed with a § 1983 action, a plaintiff must allege that the defendant deprived him of a federal constitutional right while acting under color of state law).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion (Doc. 2) is DENIED. The Complaint (Doc. 1) is DISMISSED with prejudice. The Clerk is directed to CLOSE the case.

Signed on this 10th day of October 2023.

*/s/ James E. Shadid*
United States District Judge

---

[1] Even though Defendant appears to reside in Missouri (Doc. 1-1 at 1), the Court also lacks diversity jurisdiction regardless of whether any other claim is pled, as the amount in controversy is limited to $1. (Doc. 1 at 7). *See* 28 U.S.C. § 1332.